IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC International Inc., <br><br> Plaintiff, <br><br> v. <br><br> GD Group USA Company d/b/a GD Medical Inc., and Yong Zhang, <br><br> Defendants. | Case No.: 20-cv-1579 <br><br> Judge Robert M. Dow, Jr. <br><br> Magistrate Gabriel A. Fuentes |

## AMENDED COMPLAINT

Plaintiff, ABC International Inc. ("ABC"), by and through its attorneys, Roeser Tanner & Graham LLC, for its Amended Complaint against Defendants, GD Group USA Company d/b/a GD Medical Inc. ("GD Medical") and Yong Zhang ("Zhang"), state as follows:

### PARTIES, JURISDICTION & VENUE

1. ABC is a corporation incorporated in the state of Ohio with its principal place of business in Cleveland, Ohio.

2. GD Medical is a corporation incorporated in the state of Illinois with its principal place of business in Bartlett, Illinois.

3. On information and belief, Yong Zhang is an Illinois resident living in South Barrington, Illinois.

4. This Court has subject matter of this case pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1), as the defendants reside in this district.

## **GENERAL ALLEGATIONS**

6. ABC's President, Eddie Ni, negotiated an agreement with Yong Zhang for the sale to ABC of 215,400 pieces of VetOne surgical face Masks ("Masks") on or about February 3, 2020, for a total price of $96,930.00, as detailed on the invoice attached hereto as Exhibit 1 (hereinafter referred to as the "Agreement").

7. Zhang told Ni that he was an owner and officer of GD Medical and that GD Medical would supply the Masks to ABC.

8. Zhang represented to Ni that he had authority from GD Medical to enter the Agreement with ABC.

9. Based on Zhang's representations, Ni believed he was dealing with an authorized representative of GD Medical when he entered the Agreement.

10. On information and belief, Zhang is the son of the owners of GD Medical.

11. On information and belief, Zhang is also a member of an LLC that owns the industrial property where GD Medical is domiciled.

12. On information and belief, Zhang has worked for GD Medical and may still work for GD Medical.

13. ABC wired $96,930.00 to GD Medical and fully performed its obligation under the contract.

14. GD Medical held ABC's payment in its bank account.

15. By accepting the payment, GD Medical acknowledged that Zhang had both express and apparent authority to enter the Agreement on GD Medical's behalf and was acting as GD Medical's agent.

16. On February 5, 2020, GD Medical delivered 215,400 Masks to ABC's shipping agent at Los Angeles, California. A copy of the shipping document (packing list) is attached hereto as Exhibit 2.

17. The masks were to be shipped from Los Angeles to China.

18. ABC's shipping agent accepted the Masks tendered by GD Medical to ABC and stored the Masks pending further delivery to ABC's customer in China.

19. On February 6, 2020, ABC executed a sales contract (" Fujian Contract") with Fujian Zhangzhou Foreign Trade Co., Ltd. ("Fujian") to resell the Masks to Fujian.

20. The Fujian Contract provided ABC would sell the 215,400 VetOne Surgical face Masks to Fujian for a total price of $312,330.00.

21. On February 6, 2020, Fujian wired $132,000.00 to ABC as a deposit for the Masks.

22. The Fujian Contract specifically provided ABC shall ship the Masks to Fujian no later than February 12, 2020.

23. During the nighttime of February 6, 2020, Zhang instructed the shipper to return to where the Masks were dropped off and retake possession of the Masks that belonged to ABC without ABC's approval.

24. The shipper told ABC's shipping agent that the wrong products were delivered and that he had to retrieve them. Consequently, the shipper picked up the Masks and removed them from the possession of ABC's shipping agent.

25. On information and belief, the shipper did not deliver the wrong masks to ABC.

26. When ABC's president learned that the shipper had retrieved the Masks, he immediately contacted Zhang and Zhang claimed that the Masks were defective and needed to be recalled.

27. Upon information and belief, the masks were not defective.

28. Upon information and belief, Zhang sold the Masks to another buyer at a higher price.

29. In the alternative, on information and belief, GD Medical sold the Masks to another buyer at a higher price.

30. GD Medical subsequently returned the $96,930.00 funds to ABC that ABC had wired it.

31. ABC lost the sale of the Masks to Fujian.

32. The sale of the Masks to Fujian was part of a larger master contract with Fujian whereby Fujian would purchase additional Masks from ABC. Because ABC

failed to supply the Masks for which Fujian had contracted, Fujian canceled its master contract with ABC.

## COUNT I – BREACH OF CONTRACT AGAINST GD MEDICAL

33. Plaintiff incorporates paragraphs 1-27, 29-32 as if pled in this Count.

34. GD Medical was, at all relevant times, a "merchant" of these Masks as that term is used in the Illinois Uniform Commercial Code (UCC), Sales, 810 ILCS 5/2-101 *et seq*.

35. On information and belief, Zhang had express authority to enter a contract with ABC.

36. Zhang, as agent for GD Medical, entered the Agreement with ABC on February 3, 2020.

37. Under the Agreement, Zhang, as agent for GD Medical, agreed to sell to ABC 215,400 VetOne surgical face Masks for a total price of $96,930.00. *See* Exhibit 1.

38. ABC fully performed its obligation under the contract by wiring $96,930.00 to GD Medical's bank account.

39. Zhang, as agent of GD Medical, had Masks delivered to ABC's shipping point on February 5, 2020, as required under the Agreement, but then retrieved the Masks on false pretenses one day later. To date, neither Zhang nor GD Medical have redelivered any Masks to replace those that were retrieved.

40. Zhang, as agent of GD Medical, breached the Agreement by instructing that the shipper remove the Masks from ABC's shipping agent on February 6, 2020, and by not redelivering replacement Masks.

41. ABC suffered damages because of GD Medical's breach. Specifically, ABC was unable to fulfill the Fujian Contract to supply these Masks to Fujian.

42. In addition, ABC lost the master contract with Fujian because it was unable to supply the initial shipment of Masks.

43. ABC suffered damages and is entitled to all damages provided by the UCC, including lost profits it would have earned from resale of the Masks and all incidental and consequential damages, pursuant to the U.C.C., 815 ILCS § 2-713(2) and 2-715(2).

## COUNT II – CONVERSION AGAINST GD MEDICAL

44. Plaintiff incorporates paragraphs 1-27, 29-32 as if pled in this Count.

45. On information and belief, Zhang had express authority to act on GD Medical's behalf.

46. Once the Masks were delivered to ABC's shipping agent, ABC had title, custody, and control of the Masks.

47. ABC had paid for and accepted delivery of the Masks and had a complete right to the Masks. ABC had an absolute and unconditional right to the immediate possession of the Masks.

48. On information and belief, Zhang, as agent of GD Medical, instructed the shipper to retake custody of the Masks based on the false representations that the Masks were delivered to the wrong party and then that the Masks were defective. Retaking custody of the Masks through false representations was unauthorized and unlawful.

49. On information and belief, Zhang, as agent for GD Medical, without authorization from ABC wrongfully assumed control of ABC's property and wrongfully deprived ABC possession of its property.

50. ABC contacted Zhang, as agent for GD Medical, and demanded immediate return of the Masks.

51. Zhang, as agent for GD Medical, admitted he had retaken possession of the Masks, but falsely claimed that the Masks were defective and refused to return the Masks.

52. Upon information and belief, Zhang as agent for GD Medical, sold the Masks to a different company at a higher price.

## COUNT III – BREACH OF CONTRACT AGAINST YONG ZHANG
## (PLED IN THE ALTERNATIVE)

53. Plaintiff incorporates paragraphs 1-28, 30-32 as if pled in this Count. GD Medical has asserted that Zhang was not employed by or acting on behalf of GD Medical. Accordingly, Count III is pled in the alternative to Counts I and II, if it is determined that Zhang was not acting as agent for GD Medical in the transaction at issue.

54. Zhang, at all relevant times, was a "merchant" of these Masks as that term is used in the Illinois Uniform Commercial Code (UCC), Sales, 810 ILCS 5/2-101 *et seq*.

55. ABC and Zhang entered a valid contract on February 3, 2020 ("Zhang Agreement").

56. Under the Zhang Agreement, Zhang agreed to sell to ABC 215,400 VetOne surgical face Masks for a total price of $96,930.00. *See* Exhibit 1.

57. ABC fully performed its obligation under the Zhang Agreement by wiring $96,300.00 to GD Medical's bank account at Zhang's instruction.

58. Zhang had Masks delivered to ABC's shipping point on February 5, 2020, as required under the agreement, but then retrieved the Masks on false pretenses one day later. To date, Zhang has not redelivered any Masks to replace those that were retrieved.

59. Zhang breached the Zhang Agreement by removing the Masks from ABC's shipping agent on February 6, 2020, and by not redelivering replacement Masks.

60. ABC suffered damages because of Zhang's breach. Specifically, ABC was unable to fulfill the Fujian Contract, to supply these Masks to Fujian.

61. In addition, ABC lost the master contract with Fujian because it was unable to supply the initial shipment of masks.

62. ABC suffered damages and is entitled to all damages provided by the UCC, including lost profits it would have earned from resale of the Masks, pursuant to the U.C.C., 815 ILCS § 2-713(2) and 2-715(2).

### COUNT IV – CONVERSION AGAINST YONG ZHANG
### (PLED IN THE ALTERNATIVE)

63. Plaintiff incorporates paragraphs 1-28, 30-32 as if pled in this Count. GD Medical has asserted that Zhang was not employed by or acting on behalf of GD Medical. Accordingly, Count IV is pled in the alternative to Counts I and II, if it is

8

determined that Zhang was not acting as agent for GD Medical in the transaction at issue.

64. Once the Masks were delivered to ABC's shipping agent, ABC had title, custody, and control of the Masks.

65. ABC had paid for and accepted delivery of the Masks and had a complete right to the Masks. ABC had an absolute and unconditional right to the immediate possession of the Masks.

66. On information and belief, Zhang instructed the shipper to retake custody of the Masks based on the false representations that the Masks were delivered to the wrong party and then that the Masks were defective. Retaking custody of the Masks through false representations was unauthorized and unlawful.

67. On information and belief, Zhang, without authorization from ABC, wrongfully assumed control of ABC's property and wrongfully deprived ABC possession of its property.

68. ABC contacted Zhang and demanded immediate return of the Masks.

69. Zhang admitted he had retaken possession of the Masks, but falsely claimed that the Masks were defective and refused to return the Masks.

70. Upon information and belief, Zhang sold the Masks to a different company at a higher price.

### COUNT V – FRAUD AGAINST YONG ZHANG
### (PLED IN THE ALTERNATIVE)

71. Plaintiff incorporates paragraphs 1-28, 30-32 as if pled in this Count. GD Medical has asserted that Zhang was not employed by or acting on behalf of GD

9

Medical. Accordingly, Count V is pled in the alternative to Counts I and II, if it is determined that Zhang was not acting as agent for GD Medical in the transaction at issue.

72. If Zhang did not have authority to act as an agent for GD Medical as GD Medical claims, then Zhang intentionally misrepresented to Ni that he (i) had such authority, and (ii) GD Medical would supply the Masks to ABC, in order to induce ABC to enter the Agreement with Zhang.

73. Ni relied on Zhang's representation that he was acting on behalf of GD Medical and that GD Medical would supply Masks to ABC in entering Agreement at issue in this case.

74. Furthermore, Ni relied on Zhang's representations that he was acting on behalf of GD Medical and that GD Medical would supply Masks to ABC in entering the Fujian Contract.

75. Zhang knew, or reasonably should have known, that he did not have authority to act on behalf of GD Medical and that he would not be able to supply Masks to ABC through GD Medical, or anyone else.

76. Zhang misrepresented to ABC his relation to GD Medical and his ability to supply Masks to ABC to induce ABC to wire $96,930.00 to GD Medical's bank account at Zhang's instruction.

77. ABC wired the funds to GD Medical's bank account.

78. Zhang either did not deliver the Masks or retrieved the Masks that he instructed be delivered to ABC.

79. ABC suffered damage, in the form of lost profits, because it could not supply the Masks to Fujian.

80. In addition, ABC suffered damage because Fujian canceled its master contract with ABC because of ABC's failure to deliver the initial shipment of Masks.

## PRAYER FOR RELIEF

Plaintiff ABC International Inc., respectfully prays that this Honorable Court grant the following relief:

A. Against Defendant GD Medical:

　i. Lost profit in the amount of $215,400.00 and prejudgment interest;

　ii. Incidental and consequential damages pursuant to 810 Ill. Comp. Stat. Ann. 5/2-715;

　iii. Disgorgement of any profits it made from the sale of the Masks to another party; and

　iv. Such other and further relief to Plaintiff as is just and equitable.

B. Against Defendant Yong Zhang:

　i. Lost profit in the amount of $215,400.00 and prejudgment interest;

　ii. Incidental and consequential damages pursuant to 810 Ill. Comp. Stat. Ann. 5/2-715;

　iii. Disgorgement of any profits it made from the sale of the Masks to another party; and

　iv. Punitive damages for fraud; and

　v. Such other and further relief to Plaintiff as is just and equitable.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **ABC International, Inc.** |
| January 22, 2021 | By: /s/ Darrell J. Graham |
| Date | One of Its attorneys |

Darrell J. Graham
**Roeser Tanner & Graham LLC**
2 North Riverside Plaza, Suite 1850
Chicago, IL  60606
312.621.0301
dgraham@rtglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January 2021, that the above and foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification to all ECF registrants that are counsel of this record for this matter.

*/s/ Darrell J. Graham*